UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERRI LEE HAIGHT,

    Plaintiff,

v.                                                                          Case No. 1:20-cv-578
                                                                              Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,
_____/

## OPINION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) which denied her application for disability insurance benefits (DIB).

On March 18, 2018, plaintiff filed an application for DIB, alleging a disability onset date of August 27, 2015. PageID.58. Plaintiff identified her disabling conditions as vertigo, bursitis (left hip), arthritis (right shoulder), chronic environmental allergies and nasal congestion, anxiety, depression, gastroesophageal reflux disease (GERD), and insomnia. PageID.282. Prior to applying for DIB, plaintiff completed the 11th grade and had past relevant work as a hand packager, injection molding machine operator, and assembler of electrical accessories II. PageID.67, 283. An administrative law judge (ALJ) reviewed plaintiff's application de novo and entered a written decision denying benefits on June 11, 2019. PageID.58-69. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

1

### I. LEGAL STANDARD

"The federal courts review the Commissioner's factual findings for substantial evidence and give fresh review to its legal interpretations." *Taskila v. Commissioner of Social Security*, 819 F.3d 902, 903 (6th Cir. 2016). This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, -- U.S. --, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence, this Court has said, is more than a mere scintilla. It means — and means only — such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (internal quotation marks and citations omitted).

A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health and Human Services*, 925 F.2d 146 (6th Cir. 1990). The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations, or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). "If the [Commissioner's] decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ's DECISION

Plaintiff's application for DIB failed at the fourth step of the evaluation. At the first step, the ALJ found that plaintiff meets the insured requirements of the Social Security Act through December 31, 2022. PageID.60. The ALJ also found that plaintiff engaged in substantial gainful activity from the alleged onset date (August 27, 2015) through the fourth quarter of 2016. PageID.61.[1] At the second step, the ALJ found that plaintiff had the following severe impairments: multiple sclerosis (MS); degenerative disc disease of the cervical, thoracic, and lumbar spine; arthritis of the bilateral hips; and refractory vertigo. *Id*. At the third step, the ALJ found that plaintiff does not have an impairment or combination of impairments that meet or equal the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.62.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she can frequently climb ramps and stairs and never climb ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, crouch, or crawl. She can have occasional exposure to extreme heat and no exposure to hazardous moving machinery and unprotected heights.

PageID.63. The ALJ also found that plaintiff is capable of performing her past relevant work as an assembler of electrical accessories II, work which does not require the performance of work-related activities precluded by her residual functional capacity (RFC). PageID.67.

Although plaintiff is capable of performing past relevant work, the ALJ continued to step five and determined that she could perform other, unskilled, light exertional jobs existing in the national economy. PageID.67-68. Specifically, the ALJ found that plaintiff could perform

---

[1] "The earnings record reflects the claimant earned $22,690 in 2015 and $16,244 in 2016 (Ex. 2D). These earnings were above the threshold levels for substantial gainful activity set out in POMS DI 10501.015. While the record also reflects earnings in 2017 and 2018, the earnings were below the threshold levels for substantial gainful activity set out in POMS DI 10501.01 (Ex. 6D)." PageID.61.

4

the requirements of occupations in the national economy such as marker (53,000 jobs), garment sorter (256,000 jobs), and classifier (530,000 jobs). PageID.68. Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from August 27, 2015 (the alleged onset date) through June 11, 2019 (the date of the decision). PageID.68-69.

### III. DISCUSSION

Plaintiff has raised two errors on appeal.

**A. The ALJ erred by failing to admit into the record the medical source statement of plaintiff's treating neurologist, Matthew Ebright, M.D.**

Plaintiff contends that the ALJ refused to admit into evidence the medical source statement provided by Dr. Ebright, plaintiff's treating neurologist. The record at issue is a "Multiple Sclerosis Medical Source Statement" ("MSS") dated March 5, 2019. PageID.125-129. The ALJ addressed this evidence as follows:

> The claimant submitted or informed me additional written evidence less than five business days before the scheduled hearing date. I decline to admit this evidence because the requirements of 20 CFR 404.935(b) are not met. The additional evidence was dated March 5, 2019, approximately two months prior to the date the hearing was held. At the hearing, the claimant's representative testified the claimant hand-delivered the additional evidence on May 8, 2019, and it was promptly submitted (Hearing Audio at 1:10). However, the fact the claimant held the additional evidence for two months before getting it to her representative for submission is not a valid excuse or exception to the rule. Therefore, I decline to admit the additional evidence.

PageID.58.

Plaintiff contests the ALJ's stated reason that this evidence was submitted in violation of the five-day rule. Plaintiff contends,

> However, there is no evidence that Plaintiff had the evidence for two months, and despite discussing the evidence with Plaintiff's hearing representative, the ALJ never asked Plaintiff when she received it or why she did not provide it sooner. Therefore, there is no evidence to support the ALJ's assertion that Plaintiff withheld the evidence. As a result, his decision is not supported by substantial evidence.

5

Plaintiff's Brief (ECF No. 16, PageID.866).

>The regulations provide that,
>
>When you submit your request for hearing, you should also submit information or evidence as required by § 404.1512 or any summary of the evidence to the administrative law judge. Each party must make every effort to ensure that the administrative law judge receives all of the evidence and must inform us about or submit any written evidence, as required in § 404.1512, no later than 5 business days before the date of the scheduled hearing. If you do not comply with this requirement, the administrative law judge may decline to consider or obtain the evidence, unless the circumstances described in paragraph (b) of this section apply.

20 C.F.R. § 404.935(a).

>The regulations provide exceptions to the "5 business day" deadline as follows:
>
>If you have evidence required under § 404.1512 but you have missed the deadline described in paragraph (a) of this section, the administrative law judge will accept the evidence if he or she has not yet issued a decision and you did not inform us about or submit the evidence before the deadline because:
>
>(1) Our action misled you;
>
>(2) You had a physical, mental, educational, or linguistic limitation(s) that prevented you from informing us about or submitting the evidence earlier; or
>
>(3) Some other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from informing us about or submitting the evidence earlier. Examples include, but are not limited to: (i) You were seriously ill, and your illness prevented you from contacting us in person, in writing, or through a friend, relative, or other person; (ii) There was a death or serious illness in your immediate family; (iii) Important records were destroyed or damaged by fire or other accidental cause; or (iv) You actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing.

20 C.F.R. § 404.935(b). "In providing guidance regarding the five-day rule, the SSA explained that it 'included appropriate exceptions to the 5-day requirement to ensure fairness when a claimant or his or her representative actively and diligently seeks evidence but is unable to obtain it.'

6

*Ensuring Program Uniformity at the Hearing and Appeals Council Levels of the Administrative Review Process*, 81 FR 90987-01, 2016 WL 7242991, at * (SSA Dec. 16, 2016)." *Bodine v. Saul*, No. 4:18-CV-1447 PLC, 2020 WL 2799283 at *5 (E.D. Mo. May 29, 2020).

As an initial matter, because plaintiff claims that the ALJ erred with regard to a procedural matter, the standard of review is that of abuse of discretion, not a matter of substantial evidence as plaintiff contends. *See Smith v. Berryhill*, -- U.S. --, 139 S. Ct. 1765, 1779 n.19 (2019) ("The applicable standard of review . . . is "abuse of discretion as to the overall conclusion, and 'substantial evidence' 'as to any fact.'") (citing 42 U.S.C. § 405(g)). *See, e.g., Stout v. Kijakazi*, No. 20-36013, 2022 WL 445521 at *1 (9th Cir. Feb. 14, 2022) (unpublished disposition) ("SSA regulations state that, in order for written evidence to be considered, the claimant must submit or inform the ALJ about the evidence no later than five business days before the hearing. 20 C.F.R. §§ 404.935(a), 416.1435(a). If the claimant fails to comply, the ALJ may decline to consider the evidence, subject to certain exceptions. *See* 20 C.F.R. §§ 404.935(b), 416.1435(b). . . It is not an abuse of discretion for the ALJ to find good cause to admit evidence that was submitted consistent with SSA regulations and similarly refuse to consider evidence that was submitted in violation of those regulations."). Accordingly, the Court will review the ALJ's action to determine whether he abused his discretion.

"An abuse of discretion occurs when the reviewing court is left with the definite and firm conviction that the [ALJ] committed a clear error of judgment." *United States v. Hunt*, 521 F.3d 636, 648 (6th Cir. 2008) (internal quotation marks omitted). The evidentiary issue in this case begins with a "to whom it may concern" letter dated February 20, 2019 and sent via facsimile, in which plaintiff's non-attorney representative advised the Office of Hearing and Appeals as follows:

7

> Please note that a blank mental and physical RFC was provided to the claimant.   At no time during my representation did I direct the mental or physical care of the claimant.

PageID.331. For purposes of this opinion, the Court will assume that the blank RFC documents referenced in the letter included the MSS.  At some point, Dr. Ebright received the MSS, which he completed and dated March 5, 2019.  PageID.129.  Plaintiff's representative hand-delivered the MSS to the agency on Wednesday, May 8, 2019.  PageID.58. This was less than five business days before the administrative hearing held on Tuesday, May 14, 2019.  PageID.83.

The ALJ addressed the late submission at the hearing:

> ALJ: Counsel, is there anything we need to chat about before we get start today?
>
> ATTY: I wanted to, the RFC didn't look like it was exhibited this morning when I checked. It was submitted on May 8th.  That's the only thing I had.
>
> ALJ: Okay, it's within the five-day rule, that's why. Give me your argument on why it should be admitted.
>
> ATTY: The claimant was hand delivering it. She was nervous about mailing it to me. She doesn't live near our office she hand delivered it and within an hour of delivering it [sic].
>
> ALJ: All right, yeah it's dated March though, correct? I'm going to think about that [sic] whether I'm going to admit that in.

PageID.85.

Based on this timeline, the ALJ could properly infer that plaintiff held the additional evidence for two months before delivering it to her representative for submission and that plaintiff's actions were not a valid excuse or exception to the five business day rule in 20 C.F.R. § 404.935(b).  The ALJ's decision to exclude the evidence did not involve an abuse of discretion. Accordingly, plaintiff's claim of error is denied.

### B. The ALJ failed to further develop the record, instead relying on the opinion of state agency consultant Glen Douglass, M.D.,

8

> **who did not have evidence of plaintiff's lumbar degenerative disc disease.**

Plaintiff contends that the ALJ erred when he determined the RFC based upon the opinion of state agency consultant Dr. Douglass. RFC is a medical assessment of what an individual can do in a work setting in spite of functional limitations and environmental restrictions imposed by all of his medically determinable impairments. 20 C.F.R. § 404.1545. It is defined as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c).

The ALJ addressed Dr. Douglass' opinion as follows:

> In August 2018, medical consultant Glen Douglass, M.D., reviewed the file and provided an opinion for the State agency disability determination service (Ex. 1A). Dr. Douglass opined the claimant had the ability to lift and/or carry 20 lbs. occasionally and 10 lbs. frequently, sit for 6 hours in an 8-hour workday, and stand and/or walk for 6 hours in an 8-hour workday. Dr. Douglass opined the claimant could frequently climb ramps/stairs and occasionally balance, stoop, kneel, crouch, and crawl and never climb ladders, ropes, or scaffolds. Dr. Douglass opined the claimant should avoid moderate exposure to extreme heat and avoid all exposure to workplace hazards. I find this opinion persuasive as the findings are supported and consistent with the evidence as a whole. Neurological examinations were largely unremarkable (Ex. 6F pgs. 30-31, 47-51). Physical examinations were largely unremarkable (Ex. lF pg. 6; 2F pg. 99; 3F pgs. 109, 118; 6F pgs. 16, 31; 7F pg. 70; 8F pg. 23). However, the record does reflect severe back conditions with the claimant's reports of pain. Therefore, a reduced range of light exertion is appropriate. In addition, due to the claimant's reports that heat exacerbates her MS symptoms, she is limited in her exposure to extreme heat. Due to vertigo symptoms, she should have no exposure to workplace hazards. Accordingly, this opinion is persuasive.

PageID.66.

The gist of plaintiff's claim is that, "[t]he ALJ relied on an opinion that did not consider all of Plaintiff's impairments, improperly analyzed the later evidence in the record, and reached an RFC that exactly matched the state agency consultant's opinion." Plaintiff's Brief (ECF No. 16, PageID.872). Plaintiff's claim is without merit. There will always be a gap between

9

the time the agency experts review the record, give their opinions, and the time the hearing decision is issued. *See Kelly v. Commissioner of Social Security*, 314 Fed. Appx. 827, 831 (6th Cir. 2009). "Absent a clear showing that the new evidence renders the prior opinion untenable, the mere fact that a gap exists does not warrant the expense and delay of a judicial remand." *Id*. (approving lower court's analysis). The issue is whether the evidence submitted after the state agency assessment fatally undermines the accuracy of that assessment. *Id*.

As an initial matter, the ALJ entered his opinion on June 11, 2019, only 10 months after Dr. Douglass rendered his opinion. Next, the ALJ reviewed plaintiff's medical history both before and after Dr. Douglass' opinion. PageID.64-66. In this regard, the ALJ cited Exhibits 6F (PageID.632-696), 7F (PageID.697-803), and 8F (PageID.805-846), each of which included some records of medical treatment after Dr. Douglass issued his opinion on August 2, 2018 (PageID.141). The ALJ is "charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an assessment of her residual functional capacity." *Webb v. Commissioner of Social Security*, 368 F.3d 629, 633 (6th Cir. 2004) (internal quotation marks and brackets omitted). This is precisely what the ALJ did in evaluating the medical record in this case. Based on this record, the ALJ's RFC assessment is supported by substantial evidence. Accordingly, plaintiff's claim of error is denied.

### IV.    CONCLUSION

For these reasons, the Commissioner's decision will be **AFFIRMED**. A judgment consistent with this opinion will be issued forthwith.

Dated: March 8, 2022              /s/ Ray Kent
                                  United States Magistrate Judge